IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                          CASE NO. 14-10170 (ESL)

WANDA IVETTE SERRANO RAMOS                     CHAPTER 13

    Debtor

OPINION AND ORDER

This case is before the court upon the cross motions for summary judgment filed by the Debtor and Scotiabank de Puerto Rico ("Scotiabank"). The issue before the court is determining the amount of the secured portion of Scotiabank's claim pursuant to 11 U.S.C. § 506(a). Such a determination hinges on determining the value of the collateral securing Scotiabank's lien and the amount of the lien. There is no question as to the total amount owed to Scotiabank. The issue is determining the amount of Scotiabank's allowed secured claim.

The undisputed facts show that the Debtor filed a voluntary petition under chapter 13 of the Bankruptcy Code on December 12, 2014. The Debtor and her former spouse are the owners of a real property located at 717 Goyco Street, Buenavista, San Juan Puerto Rico. The parties do not appear to dispute that the value of the property is $113,000. In 2003 and 2004 the Debtor and her former spouse guaranteed two commercial loans granted by R&G Premier Bank ("RG'), which consisted of a credit line for $150,000 and a commercial loan for $55,000. Scotiabank acquired the loans in 2010 when the FDIC liquidated RG. The parties do not dispute that the total amount owed is $225,202.72.

The disagreement by the parties is whether the only duly registered security interest is the $55,000 loan or both. Debtor alleges that the only duly registered loan is the one in the amount of $55,000 with a principal balance owed in the amount of $43,312.23. Scotiabank

alleges that it is secured up to the value of the collateral ($113,000) for the entire amount of $225,202.72.

Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure, is applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, provides that summary judgment should be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Bankr. P. 7056; *see also*, In re Colarusso, 382 F.3d 51 (1st Cir. 2004), citing Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The summary-judgment procedure authorized by Rule 56 is a method for promptly disposing of actions in which there is no genuine issue as to any material fact or in which only a question of law is involved." 10A Wright, Miller & Kane, Federal Practice and Procedure 3d§ 2712 at 198. "Rule 56 provides the means by which a party may pierce the allegations in the pleadings and obtain relief by introducing outside evidence showing that there are no fact issues that need to be tried." Id at 202-203. Summary judgment is not a substitute for a trial of disputed facts; the court may only determine whether there are issues to be tried, and it is improper if the existence of a material fact is uncertain. Id at 205-206.

Summary judgment is warranted where, after adequate time for discovery and upon motion, a party fails to make a showing sufficient to establish the existence of an element essential to its case and upon which it carries the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that there is no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

For there to be a "genuine" issue, facts which are supported by substantial evidence must be in dispute thereby requiring deference to the finder of fact. Furthermore, the disputed facts must be "material" or determinative of the outcome of the litigation. Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975), cert. denied, 425 U.S. 904 (1976). When considering a petition for summary judgment, the court must view the evidence in the light most favorable to the nonmoving party. Poller v. Columbia Broadcasting Systems, Inc., 368 U.S. 464, 473 (1962); Daury v. Smith, 842 F.2d 9, 11 (1st Cir. 1988).

The moving party invariably bears both the initial as well as the ultimate burden in demonstrating its legal entitlement to summary judgment. Adickes v. Kress & Co., 398 U.S. 144, 157 (1970). See also López v. Corporación Azucarera de Puerto Rico, 938 F.2d 1510, 1516 (1st Cir. 1991). It is essential that the moving party explain its reasons for concluding that the record does not contain any genuine issue of material fact in addition to making a showing of support for those claims for which it bears the burden of trial. Bias v. Advantage International, Inc., 905 F.2d 1558, 1560-61 (D.C. Cir. 1990), cert. denied, 498 U.S. 958 (1990).

The moving party cannot prevail if any essential element of its claim or defense requires trial. López, 938 F.2d at 1516. In addition, the moving party is required to demonstrate that there is an absence of evidence supporting the nonmoving party's case. Celotex, 477 U.S. at 325. See also, Prokey v. Watkins, 942 F.2d 67, 72 (1st Cir. 1991); Daury, 842 F.2d at 11. In its opposition, the nonmoving party must show genuine issues of material facts precluding summary judgment; the existence of some factual dispute does not defeat summary judgment. Kennedy v. Josepthal & Co., Inc., 814 F.2d 798, 804 (1st Cir. 1987). See also Kauffman v. Puerto Rico Telephone Co., 841 F.2d 1169, 1172 (1st Cir. 1988); Hahn, 523 F.2d at 464. A party may not

rely upon bare allegations to create a factual dispute but is required to point to specific facts contained in affidavits, depositions and other supporting documents which, if established at trial, could lead to a finding for the nonmoving party. Over the Road Drivers, Inc. v. Transport Insurance Co., 637 F.2d 816, 818 (1st Cir. 1980).

The moving party has the burden to establish that it is entitled to summary judgment; no defense is required where an insufficient showing is made. López, 938 F.2d at 1517. The nonmoving party need only oppose a summary judgment motion once the moving party has met its burden. Adickes, 398 U.S. at 159.

Discussion

A review of the following documents submitted by Scotiabank: complaint and default judgment in civil case number KCD 2012-1286 (503), when compared to Debtor's allegation that a title search (not included) does not show that there is a registered mortgage on both loans, create a critical factual dispute.

The court must determine which mortgages are registered and, thus, constitute a secured claim. As stated in In re Perez Mujica, 457 B.R. 177, 188 – 189 (Bktcy. D. Puerto Rico 2011) (Lamoutte, BJ):

"Under the laws of Puerto Rico, mortgages are constitutive in nature, meaning that for the same to be validly constituted, the instrument in which it is created must be duly entered in the Property Registry. See Article 1774 of the Puerto Rico Civil Code, 31 L.P.R.A. §5042; Article 188 of the Puerto Rico Mortgage Law, 30 L.P.R.A. §2607. "It is a well-known fact that, except for a mortgage title, art. 1774 of the Civil Code, 31 L.P.R.A. §5042, or a title subject to the provisions of the Horizontal Property Act, 31 L.P.R.A. §1291, the recording with the Registrar of Property is merely declarative and it is not a source of rights." Marin v. Montijo, 109 D.P.R. 268 (1979), 9 P.R. Offic. Trans. 351, (1979). Thus, for mortgages, "recordation is a constitutive act through which the security produces real effects and becomes operative *erga omnes* in the sphere of real rights." Rosario Perez v. Registrar, 115 D.P.R. 491 (1984), 15 P.R. Offic. Trans. 644, 648 (1984)."

The court has not been placed in a position to rule on either motion for summary judgment as there is a material issue of fact in controversy, that is, whether the mortgage(s) have been duly registered.

Conclusion

In view of the fore going, the motion for summary judgment filed by Scotiabank and the motion for summary judgment filed by the Debtor are hereby denied.

An evidentiary hearing is hereby scheduled for **January 12, 2016 at 2:00 PM**. Ten (10) days prior to the hearing the parties shall file proposed findings of fact. Each finding shall make reference to either a witness or a document to be presented as evidence. All exhibits shall be submitted, pre-marked and indexed.

SO ORDERED.

In San Juan, Puerto Rico, this 8th day of October, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge